JOHN CONNORS v. THE CARP RIVER IRON CO., JOHN BURT
AND ALVIN C. BURT.

*Stockholder's liability for labor debts—Repeal of statute.*

1. Individual stockholders cannot be made joint defendants with their corporation in an action upon a labor debt brought by an assignee thereof (How. Stat. § 4886), though they may be in an action brought by the original creditor. How. Stat. § 4110.

2. Statutes can only be repealed by express subsequent enactment, or by the necessary implication from a positive repugnancy to the provisions of a later act ; but in the latter case the repeal is only to the extent of the repugnancy.

3. Repeals by implication are not favored.

Error to Marquette. (Grant, J). April 23.—June 18.

ASSUMPSIT. Defendants bring error. Reversed.

*Ball & Hanscom* for appellants. General words in a statute must receive a general construction, and the courts cannot arbitrarily subtract therefrom or add thereto ; *Lyman v. Walker* 35 Cal. 634 ; *Bidwell v. Whittaker* 1 Mich. 469 ; *Barstow v. Smith* Walk. Ch. 394 ; *Bork v. Esty* 19 Vt. 131 ; *Catlin v. Hall* 21 Vt. 152 ; effect must be given to the words used by the Legislature, if there is no uncertainty or ambiguity in their language : *United States v. Warner* 4 McL. 463 ; *Doom v. Phillips* 12 Pick. 223 ; all statutes relating to the same subject matter are to be interpreted together : *United States v. Collier* 3 Blatchf. 325 ; *State v. Rachley* 2 Blackf. 249 ; *Ingalls v. Cole* 47 Me. 530.

*F. O. Clark* for appellee. A general statute when inconsistent with a special one, does not repeal it ; *Crane v. Reeder* 22 Mich. 334 ; *Mead v. Paynett* 15 Wis. 156 ; *Woodbery v. Shackelford* 19 Wis. 55 ; *Schieve v. State* 17 Wis. 253 ; Sedg. Const. Law (2d ed.) 97, 98 ; *Nicholas v. Bertrand* 3 Pick. 342 ; *Nicholas v. County Commissioner* 21 Penn. St. 37.

CHAMPLIN, J. The Carp River Iron Company is a corporation of this State, and was organized previous to 1875, under an act entitled "An act to authorize the formation

of corporations for mining, smelting, or manufacturing iron, copper, mineral coal, silver, or other ores, or minerals, and for other manufacturing purposes," approved February 5, A. D. 1853. [How. Stat. § 4001.] While said corporation continued to exist and do business, certain parties were in its employ as common laborers, and the corporation became indebted to them for such common labor by them performed, and gave to said laborers, as evidence of such indebtedness, certain due-bills therefor. At the time of the performing of such labor, and the delivery to the laborers of said due-bills, the other defendants were stockholders of the corporation. Subsequent to the delivery of the due-bills, the laborers, who were the holders thereof, duly transferred said due-bills, and all their right and interest therein, by written assignment thereof, to the plaintiff, who brought this suit thereon in his own name, as holder and owner of such due-bills, against the corporation and stockholders *jointly.*

The suit was brought under the provisions of section 35 of Act No. 113 of the Public Acts of 1877, which contains the following provision: "Suit for such labor may be commenced against any or all the stockholders and the corporation jointly." [How. Stat. § 4110.] But it was contended on the trial, by counsel for the defendant, that a subsequent act, passed at the same session of the Legislature, to-wit, Act No. 141, provided a remedy for the enforcement of the individual liability of stockholders of corporations, different from that in Act No. 113, in all cases when the action is not brought by the person who performed the labor, but by the assignee of such person. The court below held that Act No. 141 in no manner repealed, modified or changed the provisions of section 35 of Act No. 113, and so charged the jury, and directed a verdict for plaintiff.

The only question presented by plaintiffs in error is the construction of section one of Act No. 141, which he states as follows: "Can an *assignee* of a due-bill given by a corporation for a common labor debt maintain an action therefor against such corporation and its stockholders jointly?" Act No. 113 is entitled "An act to revise the laws providing for

the incorporation of companies for mining, smelting, and manufacturing iron, copper, silver, mineral coal, and other ores or minerals, and to fix the duties and liabilities of such corporations." This act was approved May 11, 1877, and ordered to take immediate effect.

Section 35 reads as follows : " The stockholders of all corporations existing hereunder shall be individually liable for all labor performed for such corporation, which said liability may be enforced by action in assumpsit commenced within two years from the time when payment for such labor became due, and not afterwards. Every action against any stockholder for labor heretofore performed for any such corporation shall be brought within two years after this act takes effect, and not afterwards, but this shall not be construed as reviving any cause of action already barred by any statute of limitations, nor shall it include any cause of action, the right to sue for which will expire in less than two years after this act takes effect, by virtue of some existing statute of limitation. Suit for such labor may be commenced against any or all the stockholders and the corporation jointly ; but no levy shall be made upon the property of stockholders under an execution issued upon such judgment until the property of the corporation shall have been exhausted, and the clerk of the court issuing such execution shall endorse thereon a direction to the officer to that effect. Suit may be commenced against the corporation alone at any time within six years from the time the cause of action accrues, as in other personal actions." [How. Stat. § 4110.]

Section 44 repeals all former acts so far as they relate to corporations authorized by this act, and all acts and parts of acts contravening any of the provisions of this act, but such "repeal of the foregoing acts shall not dissolve any corporation formed or existing under them, and all corporations of the nature of the corporations authorized to be organized under this act, shall be deemed and taken to be organizations under this act, and all rights, obligations, and liabilities contracted, acquired, or incurred by any of such corporations thereunder, shall continue of the same force and effect as

though such acts had not been repealed; and all corporations, from and after the taking effect of this act, shall be subject to all the provisions hereof, as fully as though such organization had been perfected thereunder."

Section one of Act No. 141 of the Laws of 1877, provides "that whenever, by the Constitution or laws of this State, the stockholders of any corporation are individually liable for any debts of such corporation, the remedy for the enforcement of such liability shall be as hereinafter prescribed, *and not otherwise:* provided, that this act shall not apply to cases where the suit is for labor, *and the action is brought by the person who performed the labor.*" [How. Stat. § 4886.]

Section 14 of the same act provides that " all acts and parts of acts inconsistent with this act, or giving any other or different remedy, or form of remedy, are hereby repealed." [How. Stat. § 4899.]

This act was approved on the 16th day of May, 1877, and was ordered to take immediate effect.

A statute can be repealed only by an express provision of a subsequent law, or by necessary implication through a positive repugnancy between the provisions of the latter and former enactment to such an extent that they cannot stand together, or be consistently reconciled. And where a later statute is absolutely repugnant to a former one in part only, it repeals the former only in so far as the repugnancy extends, and leaves the remainder of the former act in force. If the subsequent act makes a different provision on the same subject as a former, it is not to be construed as an explanatory act, but as an implied repeal of the former, if the latter be incompatible with it; but repeals by implication are not favored in law, and are never allowed but in cases where inconsistency and repugnancy are plain and unavoidable. *Brown v. McCormick* 28 Mich. 215 ; *Breitung v. Lindauer* 37 Mich. 217. These are familiar principles, and applied to the case under consideration readily solve the question in dispute.

Under the Constitution and laws in force at the time of the passage of these acts, stockholders in several of the corpora-

tions organized under the laws of this State were liable individually for other than labor debts of such corporations. In most of these cases the law simply declared under what circumstances such liability should attach, but was silent as to the remedy to be pursued. For several years an act had been in force authorizing the assignee of any chose in action not negotiable under existing laws to bring an action in his own name to recover upon such chose in action. Under the existing condition of the laws at the time of the passage of Act No. 141, it is plain to be seen that the Legislature did not intend in any manner to repeal Act No. 113, or any other act providing for the individual liability of stockholders for labor debts, and the remedy by which the same could be enforced under existing laws, where the laborer himself should seek to enforce such remedy. But they did intend, so far as such intention can be gathered from the language of the proviso to section one, to confine assignees of labor claims to the remedy provided by Act No. 141.

Were it not for the proviso to section one of Act 141, the remedy provided by that act would be exclusive, and section 35 of Act No. 113 being inconsistent therewith, and giving another and different form of remedy, would be repealed by section 14 of the act. But the proviso saves that form of remedy provided by section 35 to a particular class of persons, to whom a particular liability has accrued. As the law stands now, the laborer, if he pursues the individual liability of the stockholder for labor performed, must pursue the remedy existing before Act No. 141 was passed. If he prefers not to sue, but assigns his claim, such assignee must seek his remedy under Act No. 141, the same as creditors whose claims upon individual liability of stockholders are not based upon labor performed for the corporation.

It follows that a recovery cannot be had in favor of the present plaintiff against the defendants John and Alvin C. Burt, and

The judgment must be reversed and a new trial granted.

The other Justices concurred.