## MUSSELMAN *v.* WRIGHT.

Corporations—Enforcement of Labor Claims Against Stockholders—Procedure—Statutes—Repeal by Implication.

Act No. 141, Pub. Acts 1877 (1 How. Stat. § 4886 *et seq.*), prescribing a general method for enforcing the individual liability of the stockholders of insolvent corporations, applicable to all cases except where labor claims are sought to be enforced by

the persons performing the labor, was not repealed or in any way abrogated by Act No. 232, Pub. Acts 1885 (3 How. Stat. § 4161*a et seq.*), section 29 of which makes the stockholders of all corporations organized thereunder individually liable for all labor performed for the corporation, and provides that such liability may be enforced against any stockholder *by action founded upon said statute.* Hence, the assignee of a labor claim against a corporation organized under the last-mentioned act can only enforce the liability of the stockholders therefor by proceeding in accordance with the act of 1877.

Error to Kent; Grove, J.   Submitted November 20, 1895.   Decided December 24, 1895.

*Assumpsit* by Amos P. Musselman against Edwin B. Wright upon certain labor claims against a corporation in which defendant was a stockholder.   From a judgment for plaintiff, defendant brings error.   Reversed.

The Muskegon Car Company was organized under Act No. 232, Pub. Acts 1885 (3 How. Stat. § 4161*a et seq.*), doing business and having its principal office in the city and county of Muskegon, and engaged in the manufacture of freight cars, etc.   Some 28 laborers in May, 1891, had labor claims against it amounting in all to about $400, which they assigned to one Payne; and Payne, about March 1, 1894, assigned them to the plaintiff. Plaintiff brought suit in the Muskegon circuit, and in June, 1894, recovered a judgment thereon for $457.31, with costs taxed at $45.05.   Execution was duly issued, and returned *nulla bona.*   Thereupon plaintiff brought this suit against the defendant, who was a stockholder at the time the labor was performed, and was such when this suit was brought.   The court filed written findings of fact and law, and entered judgment thereon for the plaintiff.

*Smith, Nims, Hoyt & Erwin* and *H. L. Delano,* for appellant.

*Sweet, Perkins & Judkins,* for appellee.

GRANT, J. (*after stating the facts*). The principal defense is that the plaintiff has mistaken his remedy, and that he should have proceeded under Act No. 141, Pub. Acts 1877 (1 How. Stat. § 4886 *et seq.*), according to the rule in *Connors* v. *Carp River Iron Co.*, 54 Mich. 168. The provisions of that act are fully stated in *Connors* v. *Carp River Iron Co.*, and need not be here repeated. The plaintiff, on the contrary, insists that Act No. 232, Pub. Acts 1885, in section 29, provides a remedy, and supersedes the law of 1877, so far as corporations organized under Act No. 232 are concerned. This presents the principal contention in the case.

The only provisions of Act No. 232 bearing upon this question are found in section 29, which reads as follows:

"The stockholders of all corporations organized or existing under this act shall be individually liable for all labor performed for such corporations, which said liability may be enforced against any stockholder by action founded on this statute, at any time after an execution shall be returned unsatisfied, in whole or in part, against the corporation, or at any time after an adjudication in bankruptcy against said corporation, and the amount due on such execution shall be *prima facie* evidence of the amount recoverable, with costs, against any such stockholder; and if any stockholder shall be compelled by any such action to pay the debts of any creditor, or any part thereof, he shall have the right to call upon all the responsible stockholders to contribute their equal part of the sum so paid by him as aforesaid, and may sue them, jointly or severally, or any number of them, and recover in such action the amount due from the stockholder or stockholders so sued."

This section contains nothing to indicate the method for enforcing this liability. It is a statutory, and not a common-law, liability. We must therefore look to other provisions upon the subject, and, if we can there find a positive and exclusive method, that must be followed. This was decided in *Connors* v. *Carp River Iron Co.*, *supra*, where it was held that an assignee of a labor claim must

proceed under Act No. 141, Pub. Acts 1877. It follows. that unless Act No. 232 repeals Act No. 141, or abrogates. it as to labor claims provided therein, the plaintiff cannot maintain this action. That it is not expressly repealed is clear, because the repealing clause refers to two. other acts, and " all acts amendatory or supplemental " to them, but contains no general repealing clause. Act No. 141 is a general law applicable to. all corporations, and designed to prescribe the procedure for enforcing the. liability of stockholders. Repeals by implication are not favored. The rule is well stated in the Connors case as follows: "A. statute can be repealed only by an express provision of a subsequent law, or by necessary implication through a positive repugnancy between the provisions of the latter and former enactment to such an extent that they cannot stand together, or be consistently reconciled." Applying this rule, and there is no inconsistency in the provisions of the two acts. On the contrary, they are entirely consistent. Act No. 232 does no. more than to say that all actions for such claims must be founded on that statute, while Act No. 141 provides. the method of procedure. We find nothing in the later act to show any intention on the part of the legislature. to supersede this general law, and to justify any other. action than the one provided by it.

It follows that the judgment must be reversed, with. the costs of both courts, and no new trial ordered.

McGrath, C. J., Long and Montgomery, JJ., concurred. Hooker, J., did not sit.