*In re* TOEPEL.

1. Coroners — Fraudulent Claims — Presentation to Court — Punishment.

The presentation and allowance of a coroner's claim for an inquest on the body of an alleged deceased stranger, under section 11828, 3 Comp. Laws, not being subject to review by the auditor general, such claim, when filed, is a proceeding depending in the circuit court, within section 10891, 3 Comp. Laws, authorizing punishment of coroners for misbehavior in

office, willful negligence, or violation of duty therein, as to any cause or matter depending in a court of record.

2. SAME—ALLOWANCE OF CLAIM—JUDICIAL ACT.
The determination and allowance of such claim involves the exercise of judicial discretion and judgment by the court, and is therefore a judicial act.

3. SAME—CONTEMPT—PRIMA FACIE CASE.
Affidavits charging the presentation by a coroner of fraudulent claims against the State to the circuit court for fees and expenses in holding an inquest on the body of an alleged stranger, under section 11828, 3 Comp. Laws, examined, and *held* to establish a prima facie case of misconduct on the part of the coroner, warranting the issuance of an order to answer why he should not be punished for contempt.

4. SAME—PRESENTATION TO COURT—SUFFICIENCY.
It appearing from the affidavits that the claim found its way into the hands of the judge, and was supported by the coroner's certificate, which could only have been made for presentation to the court, and that the amount of the bill was receipted for by defendant, the affidavits were not objectionable for failure to affirmatively allege that the claim was ever presented to the court.

5. SAME—AUDITING CLAIM—RECORD.
Where a coroner presented a fraudulent claim against the State to the circuit judge for allowance, the contempt of court was complete on presentation of such claim; and it was not, therefore, material that the order allowing it was not entered of record.

6. SAME—CONTEMPT—DISQUALIFICATION OF JUDGE.
The judge who allowed a fraudulent coroner's claim is not disqualified from acting in proceedings to punish the coroner for contempt in presenting the fraudulent claim.

Habeas corpus proceedings by Otto T. Toepel to obtain his release from the county jail of Wayne county. Submitted January 3, 1905. (Calendar No. 20,859.) Prisoner remanded February 8, 1905.

*Alex. J. Groesbeck* and *Edwin Henderson*, for petitioner.

*Allan H. Frazer*, for respondent.

MONTGOMERY, J. The petitioner sued out a writ of habeas corpus to review a sentence of Judge Donovan, imposed upon the petitioner for an alleged contempt of court. The questions involved relate to the jurisdiction to punish the petitioner for the act recited.

The petitioner is coroner of the county of Wayne, and entitled, as such, to hold inquests upon dead bodies. 3 Comp. Laws, § 11832. By the provisions of section 11828, 3 Comp. Laws, the expense of an inquest upon the dead body of a stranger shall be paid by the State if the justice or coroner shall certify that, to the best of his knowledge and belief, the person found dead was a stranger not belonging to this State; the account of such expenses and fees being first allowed by the circuit court for the county.

On the 18th of November last, certain affidavits were presented to Judge Donovan, tending to show that in August last there was presented to Judge Donovan by petitioner an itemized bill for fees and expenses in holding an inquest upon the body of one Thomas E. Cummiskey; that this bill was made out against the State, and included charges for holding a post mortem, and was accompanied by a certificate of the coroner that the deceased person was a stranger not belonging to this State. The affidavits also showed, at least prima facie, that the deceased, Thomas E. Cummiskey, was not in fact a stranger, but that he lived in Detroit; that he was removed from his home, on Smith avenue, to St. Mary's Hospital, on the 28th of June, 1904, and died in the hospital August 18th of diabetes; that in fact no post mortem was held.

Upon filing these affidavits an order was entered that an attachment issue to bring the present petitioner before the court to answer for the alleged misconduct of practicing fraud and dishonesty upon the court, and deception, misbehavior, willful neglect and violation of duty, and in, by such misrepresentations, corrupt practices, and collusive behavior in and about his duties as coroner, securing allowances of claims against the State of Michigan by the

court in certain cases presented to the court for its action and approval under section 11828, 3 Comp. Laws; being matters depending in the court and triable therein.

The respondent was brought before Judge Donovan, and an order was entered directing that interrogatories be prepared, and that answers be made to them. The respondent moved to quash the proceedings. This motion was overruled. Thereupon the respondent refused to answer the interrogatories on the ground that the court had no jurisdiction to enter the order requiring him to make answer. Testimony was taken to further substantiate the charges, a sentence of imprisonment was imposed, and the respondent taken into custody. He thereupon sued out the present writ.

Numerous questions are raised and discussed in the brief of petitioner's counsel. In so far as they are deemed worthy of separate discussion, we follow the order of the brief.

It is first contended that a contempt of the nature described is not punishable under chapter 301, 3 Comp. Laws, under which it is said the proceedings were taken. Section 1 of this chapter confers upon the courts of record power to punish by fine and imprisonment, or either,—

"Any neglect or violation of duty or any misconduct by which the rights or remedies of a party in a cause or matter depending in such court or triable therein may be defeated, impaired, impeded, or prejudiced, in the following cases:
"(1) All * * * coroners * * * for any misbehavior in such office or trust, or for any willful neglect or violation of duty therein."

It is clear that, when a claim is presented to the circuit court for allowance, it is depending in that court. It is also clear that the presentation of a false claim for allowance may prejudice the rights of the State. This is made manifest when it is considered that the allowance by the circuit court is not open to review by the auditor general. *Lachance* v. *Auditor General*, 77 Mich. 563.

It is insisted, however, that the allowance of a claim against the State by the court acting in these cases is not a judicial act; citing the *Lachance Case*. Whatever may be the character of the act of the court, it is a court matter—made so by the statute—and as the court may render a decision which will formally dispose of the matter, it is a matter there depending, but we think it is also a matter to be judicially determined. It has never been considered that the circuit court was authorized to act without proof in some form in these cases. The determination of the allowance involves the exercise of judicial discretion and judgment. We think the act was, in this sense, judicial. *Wall* v. *Trumbull*, 16 Mich. 228; *Locke* v. *Wayne Circuit Judge*, 62 Mich. 408. In any view, the matter was committed to a court, and properly so committed, within the holding in *Locke* v. *Wayne Circuit Judge*, supra. It was competent, therefore, for the legislature to authorize a proceeding to punish a contempt of the court, committed while the court was considering that matter. The case is quite unlike that of *State, ex rel. Haughey*, v. *Ryan*, 182 Mo. 349, which was determined, *first*, on the invalidity of the act creating a board of mediation and arbitration, and conferring judicial power therein; and, *second*, on the ground that the circuit court has no power to punish for contempt, except for the maintenance of its own authority.

It is urged that the affidavit upon which the order in this case issued did not make out a prima facie case. The statements in the affidavits have been briefly recited above. We think they did make out a prima facie case.

It is contended, in particular, that the affidavits did not show affirmatively that the claim of respondent was ever presented to the court. The affidavit does, however, show that the claim found its way into the hands of the judge, and no other inference is open than that it was filed with the purpose of having action taken by the court. It further appears that the claim was supported by the certificate of respondent, which could only have been made for

presentation to the court, and that the amount of the bill was receipted for by respondent. The inference is clear that the account was presented on his behalf, and no other inference is open. The affidavits show that Cummiskey was not a stranger, and, as Toepel certified that he was, this prima facie showed that he had made a false statement in that regard.

It is next urged that the circuit court for Wayne county never audited the bill. This is based upon the showing that the order was not entered of record. We do not find it necessary to determine whether the order can be held to be a court order, and the omission to record it a mere irregularity, open to correction, for, in our view, the contempt was complete on the presentation of this false and fictitious claim.

It is contended that Judge Donovan was disqualified from acting in the matter of the contempt proceedings. Without entering at length into the reasons for our conclusion, we state that the matter has had our consideration, and we do not find that he was disqualified, as a matter of law.

The prisoner will be remanded.

MOORE, C. J., and McALVAY, GRANT, MONTGOMERY, and HOOKER, JJ., concurred.