McCall *v.* CALHOUN CIRCUIT JUDGE.

1. STATUTES—SUBJECTS AND TITLES—SUFFICIENCY OF TITLE.
   Act No. 272, Pub. Acts 1905, entitled "An act to designate the places for holding the circuit court in the 37th judicial circuit," embraces but one subject, which is sufficiently expressed in its title, notwithstanding details are provided for rendering the act effective.

2. SAME—RELEVANCY TO TITLE.
   The contention that the designation of the particular place in the city of Battle Creek for holding the terms of court to be held in that city is not within the object of the law as expressed in its title, because no such designation is made as to the terms to be held in the city of Marshall, is untenable, it being unnecessary, under section 305, 1 Comp. Laws, to make other designation than the statement that Marshall is the county seat.

3. SAME—AMENDMENT—RE-ENACTMENT OF AMENDED SECTION.
   Act No. 272, Pub. Acts 1905, providing for holding two terms of the circuit court for Calhoun county in the city of Battle Creek each year, modifies section 305, 1 Comp. Laws, only so far as it is repugnant to it, and leaves the remainder of the section in force, hence it was not necessary, under section 25, article 4, of the Constitution, to re-enact section 305 at length.

4. CONSTITUTIONAL LAW—LEGISLATIVE POWERS — DELEGATION TO CITY COUNCIL.
   Act No. 272, Pub. Acts 1905, providing that two terms each year of the circuit court for the county of Calhoun shall be held at the city of Battle Creek provided the common council of said city shall furnish a suitable place for holding court, does not delegate legislative power to the city council respecting the place of holding court.

5. SAME—DELEGATION TO JUDICIARY.
   Such act, by providing for inspection and approval by the circuit judge of the place for holding court furnished by the city, does not confer legislative power upon the judge.

6. COURTS—TERMS—TIME AND PLACE OF HOLDING COURT—ORDERS —VALIDITY.
   Where a circuit judge, acting under section 302, 1 Comp. Laws,

has fixed and appointed the times for holding the terms of the circuit court for the succeeding two years, a subsequent order by his successor in office, made pursuant to a subsequently enacted statute, fixing the place of holding the terms already designated, is valid.

Petitions by George N. McCall against Walter H. North, circuit judge of Calhoun county, for a writ of prohibition restraining the trial of petitioner in the city of Battle Creek, and for a writ of mandamus compelling the vacation of the order establishing such place of hearing. Submitted October 2, 1906. (Calendar No. 21,923.) Writs denied November 7, 1906.

*Edward J. Dennison*, for relator.

*Joseph L. Hooper*, Prosecuting Attorney (*Arthur B. Williams*, of counsel), for respondent.

McALVAY, J.   Petitioner, regularly informed against, and arraigned in the circuit court for Calhoun county for the crime of forgery, prays for a writ of prohibition against the circuit judge of said county, restraining and prohibiting him from proceeding to try petitioner in the city of Battle Creek, in said county, according to the terms of an order heretofore duly made and entered by said circuit judge in said court, and also for a writ of mandamus compelling the vacation of said order.

The questions raised in the case challenge the constitutionality of an act of the legislature, being Act No. 272 of the Public Acts of 1905, entitled "An act to designate the places for holding the circuit court in the 37th judicial circuit." The provisions of said act necessary to be examined in the determination of the case are as follows:

"SECTION 1. After the year nineteen hundred five, two of the regular terms of the circuit court for the thirty-seventh judicial circuit, said circuit being made up of Calhoun county, shall be held each year within the city of Battle Creek, in said county: *Provided*, That the common council of said city of Battle Creek, or the citi-

zens thereof, shall furnish and provide, free of expense to said county, a suitable place, including light, heat and janitor, for holding said court within said city and transacting the business thereof, and also a suitable and sufficient jail for the incarceration of prisoners, who may be held therein for trial, during the sittings of said court, and also a fire-proof safe or vault within which to keep the files and records of cases on the calendar for any such terms of court; the place for the holding of said court and the jail, together with the sufficiency of said vault or safe, to be inspected and approved by the judge of said court or the prosecuting attorney of said county, which approval shall be in writing and shall be filed with the clerk of said county.

"SEC. 2. After the year nineteen hundred five, two of the regular terms of the circuit court for said thirty-seventh judicial circuit shall be held each year within the city of Marshall, the county seat of said county.

"SEC. 3. After the year nineteen hundred five, the terms of court to be held at the city of Battle Creek, under the terms of this act, shall be respectively alternated with the terms of said court to be held at the said city of Marshall, the county seat of said county of Calhoun; and the judge of said circuit court shall, after this act takes effect, when fixing and appointing the times of holding the several terms of said court within said county as provided by law, shall designate which of the regular terms thereof shall be held within the said city of Battle Creek, and which of the regular terms thereof shall be held within the said city of Marshall, which designation shall be in writing and shall be immediately thereafter transmitted by him to the clerk of said county."

The remaining sections authorize the court, in its discretion, when expedient and proper, to adjourn court from one of these places to the other for the trial and hearing of cases and other proceedings, and when the court is held in Battle Creek the county clerk is required, under the direction of the circuit judge, to deposit the necessary records and files of the court in the building designated for that purpose.

The authority of the legislature under the Constitution to enact legislation of this character is not questioned; it being admitted that the case of *Whallon* v. *Ingham*

146 MICH.—21.

*Circuit Judge*, 51 Mich. 503, has determined that proposition affirmatively. The provisions of the act under consideration in that case are in many respects identical with those of the act now before us, and it is conceded that the body of this act is substantially borrowed from the Ingham county act.

The first objection discussed is that the object of the law is not expressed in its title, as required by section 20, art. 4, of the Constitution. This act is entitled "An act to designate the places for holding court in the 37th judicial circuit." The Constitution provides that no law shall embrace more than one object, which shall be expressed in its title. We do not discover any force in this objection. There is nothing in the body of the act incongruous with the title. In a leading case in this State it was said by Justice COOLEY:

"The purpose of this provision is accomplished when the law has but one general object, which is fairly indicated by its title." *People* v. *Mahaney*, 13 Mich. 481, 495.

The sole object of the act, as gleaned from its provisions, is to designate the places for holding court in the judicial circuit named. This object the title expresses in apt terms. The details provided for rendering the act effective are not objectionable because confined "to the means supposed to be important to the end indicated." *People* v. *Mahaney*, supra. The act provides that after the year 1905 two of the regular terms of said court shall be held each year within the city of Marshall, the county seat of said county, and two of the terms within the city of Battle Creek. Provision is made how and by whom the place for holding said court in Battle Creek is to be provided and designated, but nothing is said designating the place at Marshall. This is urged as not being within the object of the law as expressed in its title, and further, that it alters and amends section 305, 1 Comp. Laws, which provides that the terms of the several circuit courts in each county shall be held in the court-house therein if there be

one; such amendment being contrary to the provisions of section 25, art. 4, of the Constitution, relative to amendments of laws. This court in the case of *Whallon* v. *Ingham Circuit Judge*, supra, decided that it was within the power of the legislature to designate a place other than the county seat for holding certain terms of the circuit court. This is conceded by the petitioner. No necessity arose for the legislature to make other designation of the place for holding the terms of court at Marshall than the statement that it was the county seat. In that regard section 305, 1 Comp Laws, which provides that the place of holding the terms of the circuit court in each county shall be the court-house therein, controls and determines. Such would seem to have been the legislative intent. This act, as far as Calhoun county is concerned, modifies section 305 only in so far as it is repugnant to it, and leaves the remainder of the section in force. *Connors* v. *Iron Co.*, 54 Mich. 171; *Musselman* v. *Wright*, 107 Mich. 639.

It is next urged that the legislative power of the State has been delegated by the proviso of section 1 to the common council of Battle Creek or its citizens, upon the theory that the furnishing of a building in the city of Battle Creek by such parties at their own expense is a designation by them of the place for holding court in that circuit, and that the statute was not effective without such action. This act when it left the legislature was complete. Every required legislative step had been taken to make it a law. The places, Marshall and Battle Creek, had been designated as the places for holding court. The law was to take effect provided the parties mentioned furnished the building in which court was to be held. The legislature may enact a valid law to take effect upon the happening of any future event, certain or contingent, which does not involve the exercise by others of that legislative will and discretion, which cannot be constitutionally delegated.

"The event on which a law may be made to take effect

must be such as in the judgment of the legislature affects the question of the expediency of the law. *. * * When the law is made to take effect upon the happening of such an event, the legislature, in effect, declares the law inexpedient if the event should not happen." *People* v. *Collins*, 3 Mich. 354, 427.

*Walton* v. *Greenwood*, 60 Me. 356. For the statement of the rule as to valid contingent legislation and citation of authorities, see 6 Am. & Eng. Enc. Law (2d Ed.), p. 1031. This principle was recognized by this court in a recent opinion written by Justice Carpenter. The court, quoting from *Locke's Appeal*, 72 Pa. 498, said:

"The legislature cannot delegate a power to make a law; but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend." *King* v. *Insurance Co.*, 140 Mich. 258.

Section 1 of this act is identical with a section of the Ingham county act above referred to.

The third proposition contended for is that this statute, in providing for the inspection of the building and jail by the circuit judge, confers upon him functions that are not judicial, and that the said judge, in making an order approving the building and jail furnished by the common council of Battle Creek, and designating the terms of court to be held in said building for the years 1906 and 1907, unlawfully exercised legislative power. As to the inspection and approval in writing by the circuit judge or the prosecuting attorney, if considered as connected with furnishing a building and jail by the city of Battle Creek or its citizens before the act could take effect, what has been said relative to that matter in this opinion need not be repeated. The authority of inspection and approval given to the circuit judge was not legislative, but while it was, in its nature, more ministerial than judicial, it was such a power as could be granted to and exercised by him. *Board of Com'rs of Jackson Co.* v. *State*, 147 Ind. 476, 492.

Whether the order in question contains the language which might indicate that the judge exceeded the authority given by the statute need not be considered. If so construed, such language would be surplusage merely. The statute further provides that after 1905 the terms of court shall alternate between Marshall and Battle Creek, and also for a designation by the circuit judge, when fixing and appointing the times of holding terms of court as provided by law, which of the regular terms shall be held at Battle Creek and which at Marshall. His predecessor, under section 302, 1 Comp. Laws, had before November 1, 1905, fixed and appointed the times for holding the terms of said court for the succeeding two years. The order made by Judge North made no change in the times already fixed for holding the terms of court, but, complying with the statute, he ordered that said terms should be held in the places designated by the legislature for holding the circuit court in his judicial circuit. In the case already cited, this court held a similar order valid. *Whallon* v. *Ingham Circuit Judge,* 51 Mich. 503, 508.

Other objections to the statute raised in his petition are not urged or discussed by the petitioner, and upon examination we do not find any of those not discussed meritorious.

This opinion should not be taken as implying that petitioner would be entitled to this remedy in any event. Upon that we express no opinion. The question was not raised on the hearing. The writs are denied.

Carpenter, C. J., and Ostrander, Hooker, and Moore, JJ., concurred.