EDWARDS *v.* AUDITOR GENERAL.

1. CORONERS—INQUESTS—JUSTICES OF THE PEACE—JUDGMENT.
    The allowance of an inquest bill, presented to the circuit court by a justice of the peace, is not conclusive on the auditor general, who may refuse to pay a bill that contains illegal charges.

2. SAME.
    Such approval by the circuit court is not a judgment.

3. MANDAMUS—DISCRETIONARY CHARACTER—ILLEGAL CLAIMS.
    Mandamus will not issue to enforce an illegal claim.

4. CORONERS—JUSTICES OF THE PEACE—STATUTES.
    The fees allowed to a justice of the peace by 3 Comp. Laws, § 11828, are the fees provided for coroners by 3 Comp. Laws, § 11223.

5. SAME—COMPENSATION.
    Justices of the peace holding inquests are governed by the provisions of 3 Comp. Laws, § 11240, prohibiting the taking of other or greater fees than are allowed by statute.

6. SAME—FEES.
    A charge of nine dollars for one day and four one-half days' attendance at an inquest is illegal.

7. SAME—UNIVERSITY OF MICHIGAN—RIGHT TO DEAD BODIES.
    3 Comp. Laws, § 11828, relating to the disposal of unclaimed dead bodies in the hands of coroners and other officers, does not relate to the body of a stranger killed within the State, not having been in a public almshouse or penitentiary.

8. STATUTORY CONSTRUCTION—REPEAL.
    Where there are two acts or provisions, one of which is special and particular and certainly includes the matter in question, the other general and if standing alone a statute that would include the same matter and that thus conflicts with the special provision, the special must be taken as intended to constitute an exception to the general act or provision.

9. SAME.
    Repeals by implication are not favored and statutes can be repealed only by an express provision of a subsequent law, or by necessary implication through a positive and irreconcilable repugnancy.

Mandamus by Timothy Edwards, justice of the peace of Wayne county, to compel Oramel B. Fuller, auditor general, to issue a warrant for the payment of certain fees. Submitted May 7, 1910. (Calendar No. 23,883.) Writ granted June 6, 1910.

*Timothy Edwards*, in pro. per.

*John E. Bird*, Attorney General (*Arthur P. Hicks*, of counsel), for respondent.

STONE, J. This is a petition for mandamus. Relator is a justice of the peace of Wayne county, and held an inquest over the body of an unknown man found dead in the Wabash railroad yards at Belleville, Wayne county, on August 8, 1909. The inquest was adjourned from time to time to August 28, 1909. The bill for the inquest, amounting to $130.19, was presented to the circuit court of said county, was examined and allowed against the State October 13, 1909. The respondent has refused to pay the bill as allowed by the circuit court because of three alleged illegal items thereon, viz.: One day and four one-half days, $9; coffin and box, $25; caring for body and interment, $41. Respondent admits that there was a proper finding that the body was that of "a stranger not belonging to this State," and that the other items of the bill (except those in the so-called supplemental bill indorsed upon the original) are legal charges, but he contends that the bill cannot lawfully be paid until reallowed with the illegal items eliminated.

1. The first question raised by the answer and discussed by counsel is: May the auditor general refuse to issue his warrant in payment of a bill for inquest allowed by the circuit court, when it appears upon its face to contain illegal items? We answer this question in the affirmative, where it appears that illegal or unauthorized charges were allowed. The approval by the circuit court is not a judgment. *Locke* v. *Wayne Circuit Judge*, 62 Mich. 408 (28 N. W. 917); *Lachance* v. *Auditor General*, 77

Mich. 563 (43 N. W. 1005); *Auditor General* v. *Calhoun Circuit Judge*, 101 Mich. 212 (59 N. W. 398); *People* v. *Hoffmann*, 142 Mich. 531 (105 N. W. 838).

Especially is it true that this court will not issue its writ of mandamus to enforce an illegal claim. *Board of Education of Detroit* v. *City of Detroit*, 80 Mich. 548 (45 N. W. 585). The statute (chapter 329, 3 Comp. Laws) has in nearly all of its provisions been in force since 1846. Section 1 provides that justices of the peace shall, subject to certain provisions, take inquests upon the view of the dead bodies of such persons as shall have come to their death suddenly, or by violence. Section 8 provides that such inquisition to be called a coroner's inquest may be in substance in the form given. Section 11 (being section 11828, 3 Comp. Laws) is as follows:

" When any justice of the peace shall take an inquest upon the dead body of a stranger, or, being called for that purpose, shall not think it necessary, on view of such body, that an inquest should be taken, he shall cause the body to be decently buried; and if the justice of the peace shall certify that to the best of his knowledge and belief the person found dead was a stranger not belonging to this State, the expenses of the burial, with the justice's fees, and all the expenses of the inquisition, if any were taken, shall be paid to the justice of the peace from the State treasury, the account of such expenses and fees being first allowed by the circuit court for the county; in all other cases the expenses and fees shall be paid by the county in which the inquisition was taken: *Provided,* That when an inquest is held on the body of any person who dies in either of the prisons or public reformatories of this State, the expense of such inquest shall be audited and paid by the State, as other charges against the State are audited and paid."

Such an inquest is by the statute called a " coroner's inquest." We think that the fees allowed to the justice are those provided by the statute for a coroner's inquest. Section 11223, 3 Comp. Laws. We know of no other provision for fees, and we think that, when the justice per-

forms this service, he takes the fees fixed for the service. *Dibell* v. *Brinkerhoff*, 22 Mich. 376. There is nothing in the schedule of fees of a justice, either in civil or criminal cases, that covers a matter like this under consideration. We are of opinion that section 11240, 3 Comp. Laws, which prohibits any justice to whom any fees or compensation shall be allowed by law for any service from taking or receiving any other or greater fee or reward for such service, but such as is or shall be allowed by the laws of the State, applies here. If it is said that the compensation is inadequate, our answer is that that is a matter for the legislature to remedy. We think that the charge of $9 was an unauthorized and illegal charge, and that it should be eliminated, as relator had already charged the fees allowed by law.

2. Were the other charges illegal? The statute above quoted provides that "the expenses of the burial" shall be paid by the State. It is the claim of respondent that Act No. 186, Laws 1867, as amended by Act No. 5, Pub. Acts 1901, which was in force at the time of this inquest, repealed by implication that portion of section 11828, 3 Comp. Laws, relating to the payment of the expenses of burial by the State. Section 1 of that act, in part, reads as follows:

"Any member of either of the following boards, and any of the following named officers or persons, to wit: The board of health of any city, village or township, the common council of any city, board of trustees of any village, any board or officer, having the direction, management, charge or control, in whole or in part, of any prison, house of correction, workhouse, jail or lockup, founded or supported in whole or in part at public expense, having in his or their possession or control, the dead body of any person not claimed by any relative or legal representative; or the county superintendent of the poor, keepers of poorhouses and almshouses, any physician or other person in charge of any poorhouse or almshouse, or charitable institution, *sheriff or coroner*, having in his or their possession or control the dead body of any person not claimed by any relative, personal friend, or legal representative,

as hereinafter provided, and which may be required to be buried at public expense, or the expense of any one of such public institutions, or the dead body of any convict who died in prison under sentence of murder or attempt to murder, shall deliver such dead body or bodies within thirty-six hours after death, or after he or they shall become possessed thereof, to the express or railway company at the nearest railway station, placed in a plain coffin and enclosed in a strong box securely fastened and plainly directed to the ' Demonstrator of Anatomy of the University of Michigan, Ann Arbor, Mich.' * * * for dissection. * * *"

We do not agree with the respondent in this contention. In our opinion the statute above quoted from did not repeal said section 11828. They are not, in our judgment, inconsistent provisions, and both can stand. We have traced the history of the "act to authorize dissection in certain cases " from its inception in 1867 to the present time, and noted its various amendments. Its object has been to provide the various schools of medicine and surgery in the State with subjects for dissection from certain persons dying in the prisons, houses of correction, workhouses, jails, poorhouses, etc., in the State. It provides that certain officers, including sheriff's and coroners, who have possession of such bodies, shall forward them as indicated.

Without emphasizing the suggestion that justices of the peace are not within the list of officers named, we do think that a justice or even a coroner, holding an inquest on the body of a stranger, killed as this stranger was, is not within either the spirit or letter of this statute. The justice of the peace holding an inquest has not in his possession or control the dead body of any person contemplated by that act. Until the amendment of 1881 (Act No. 16, Pub. Acts 1881) the act contained a provision that if such deceased person was a stranger, or traveler, the dead body should in all such cases be buried. This provision was dropped out in the amendment of 1881, and then for the first time were inserted the words " sheriff or coroner."

It is well to note that the words "sheriff or coroner" were introduced together. The general duties of coroners in this State are defined in sections 2608, 2609, 1 Comp. Laws. They relate to executing the office of sheriff in case of the disqualification or death of that officer. As such, they would have charge of the jail or lockup, and might have in their possession or control the dead body of a person to be disposed of by dissection under this statute. This condition would differ materially from that of a justice who was holding an inquest on the dead body of a stranger found dead in a railroad yard. We think that it would surprise the people of this State if it were held that the dead body of a stranger should be a subject for dissection if not promptly claimed by friends or relatives, who might not know of the death. Section 11828, above quoted, was amended in 1885 by adding the proviso. It is a provision applying specially to "proceedings for the discovery of crime," and to the disposition of the dead bodies of strangers, not belonging to this State. Since 1846, notwithstanding the statute relating to dissection, it has been repeatedly enforced and administered by the courts of this State, and recognized by this court in a number of cases above cited. It seems to us that this is a proper case for the application of the familiar rule for the construction of statutes—that where there are two acts or provisions, one of which is special and particular, and certainly includes the matter in question, and the other general, which, if standing alone, would include the same matter and thus conflict with the special act or provision, the special must be taken as intended to constitute an exception to the general act or provision. *Crane* v. *Reeder*, 22 Mich. 322; *Regents of University* v. *Auditor General*, 109 Mich. 137 (66 N. W. 956); *City of Lansing* v. *Board of State Auditors*, 111 Mich. 335 (69 N. W. 723).

Repeals by implication are not favored. A statute can be repealed only by an express provision of a subsequent law, or by necessary implication through a positive repugnancy between provisions of the latter and former

enactment, to such an extent that they cannot stand together, or be consistently reconciled. *Connors* v. *Iron Co.*, 54 Mich. 168 (19 N. W. 938); *People* v. *Wenzel*, 105 Mich. 70 (62 N. W. 1038); *Musselman* v. *Wright*, 107 Mich. 639 (65 N. W. 569); *Nolan* v. *Garrison*, 151 Mich. 138 (115 N. W. 58). In our opinion there is no such repugnancy here. The items in the so-called supplemental bill indorsed upon the claim, together with the $9 item, must be eliminated.

As this matter should be disposed of without further expense or delay, the respondent should issue a warrant to relator for $121.19. There will probably be no necessity for issuing the writ. No costs will be allowed.

OSTRANDER, HOOKER, MOORE, and MCALVAY, JJ., concurred.