(Supreme Court, Appellate Division, Second Department.    December 30, 1915.)

EMINENT DOMAIN ☞265—COSTS—"TAXATION"—"TO TAX."

    Under Rapid Transit Act (Laws 1909, c. 498) § 62, providing for the comptroller's payment of counsel fees and reasonable expenses incurred by the corporation counsel, when taxed before a justice of the Supreme Court, where the city retained an expert to confirm another expert for the examination of buildings on a street to determine damage thereto from the construction of a subway, at a charge of $80 a house, a Supreme Court justice at Special Term did not err in refusing to tax such expert's full account, where it appeared that the examination of the houses consisted in noting in repetition the cracks, settlement, and subsidence in one after the other, all presenting like problems, since "taxation," as used in the statute, means an ascertainment and adjustment of a charge, as in old English practice, when applied to damages, "taxation" was cutting down damages by a judge, where the jurors had given an excess, so that "to tax" signifies to adjust, adapt, or apportion.

    [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 400, 690–693; Dec. Dig. ☞265.

    For other definitions, see Words and Phrases, First and Second Series, Tax; Taxation.]

Appeal from Special Term, Kings County.

In the matter of the Board of Rapid Transit Railroad Commissioners. From an order denying his motion to confirm a report of an official referee, Francis L. Pruyn appeals. Order affirmed.

Argued before JENKS, P. J., and CARR, STAPLETON, MILLS, and PUTNAM, JJ.

Frank W. Holmes, of Brooklyn, for appellant.

Terence Farley, of New York City (Charles J. Nehrbas, of New York City, on the brief), for respondent.

---

PUTNAM, J.   Section 62 of the Rapid Transit Act has a proviso for the comptroller's payment of counsel fees and reasonable expenses incurred by the corporation counsel:

"But such fees and expenses shall not be paid until they have been *taxed* before a justice of the Supreme Court in the judicial district in which said city is situated."

Taxation here means an ascertainment and adjustment of a charge. In old English practice, when applied to damages, taxation was cutting down damages by a judge where the jurors had given an excess; so "to tax" signifies to adjust, adapt, or proportion.   Bouvier's Dictionary, "Tax."   It is in this earlier sense that judges are required to pass upon and allow or reduce charges and fees of a coroner's inquest (In re Toepel, 139 Mich. 85, 102 N. W. 369), and to tax accounts of a district attorney (Supervisors of Onondaga v. Briggs, 2 Denio, 26).

Did the court at Special Term err in refusing to tax the full account of Mr. Pruyn, a professional engineer, for examination of buildings on Joralemon street, and for his testimony on three occasions, amounting to $3,416.40, as certified by the corporation counsel?   It appears that the city had retained Mr. Moss, an expert, at a price of $90 for each house, and then at same terms engaged Mr. Pruyn to confirm Mr. Moss.   Mr. Pruyn later reduced this charge to $80 for each house.   So that for these experts the city became involved at the rate of $170 a house.   An element of such a charge, and one most essential, is wholly omitted.   How many days Mr. Pruyn's survey took is not shown.

This judicial power to tax legal expenses, however (such a needed curb on city outlays), may be availed of, even without actual evidence of unreasonableness of the items charged.   Testimony in support of the charge, at best, is but opinion evidence, and therefore not controlling.   If it appeared that the examination of these houses consisted largely in noting in repetition, the cracks, settlement, and subsidence shown in one house following another, all presenting like problems, the justice, I think, became bound to use this statutory power to moderate the charge of $80 a house, instead of approving en bloc a multiplication of 34 such items.   Otherwise, this power of taxation would be stopped, whenever counter evidence was withheld.   Even a jury is not bound by professional estimates of value of legal services, though standing uncontradicted.   Brooklyn Heights R. R. Co. v. Brooklyn City R. R. Co., 124 App. Div. 896, 109 N. Y. Supp. 31; Id., 196 N. Y. 502, 89 N. E. 1096; Steele v. Hammond, 136 App. Div. 667, 121 N. Y. Supp. 589.

But the judicial power to tax fees and expenses is not absolutely dependent on what testimony may chance to be produced.   The Legislature have conferred an ancient authority, which is broader than merely to hear and to follow evidence; for the justice passes, not only on charges in the abstract, but is to say how far a particular charge shall be placed on the city, as incident to a rapid transit proceeding. In the absence of the number of days actually taken in this survey of the 34 houses, and the time for the larger buildings, the taxation at

Special Term at $50 for each house, with the reduction as to Temple Bar and Packer Institute, should not be held arbitrary or unreasonable.

The order should be affirmed, with $10 costs and disbursements. All concur.