JOHN WITTBOLD & CO. *v.* CITY OF FERNDALE.

1. MANDAMUS—BONDS—MUNICIPAL CORPORATIONS—PAYMENT OF IN-
   TEREST—DEBT REFUNDING PROGRAM.
   In mandamus proceeding to compel payment of upwards of
   $73,000 of unpaid matured interest coupons on general obliga-
   tions of defendant city whose interest fund contains $44,093.78
   and general fund $54,512.13, contention that writ should not

be granted in view of pending debt refunding program as to total bonded indebtedness of $2,258,085.75 and make *pro rata* payment on $121,953.75 of past due interest *held*, untenable since interest sought to be collected is due, unpaid, funds are ear-marked and impressed with trust to be used for that purpose and reduction of interest debt would tend to aid in carrying out refunding program.

2. SAME—RIGHT TO WRIT.

Writ of mandamus to compel payment of municipal debt may not be withheld where obligation of city is manifest and right of plaintiffs is clear in point of law.

3. SAME—VIOLATION OF LAW—WARRANT IN EXCESS OF AMOUNT OF FUND.

Writ of mandamus will not be issued to compel a city officer to act in violation of the city charter such as drawing a warrant upon interest fund account in excess of amount of money on hand in that account, where charter requires warrant to specify fund from which it is payable, that warrant shall be paid from no other fund, no warrant shall be drawn upon treasury after fund from which it should be paid was exhausted and declaring void any warrant which did so (Ferndale City Charter, chap. 9, § 4).

4. SAME—BONDS—MUNICIPAL CORPORATIONS—INTEREST COUPONS—IRREGULAR TRANSFER OF FUNDS.

Fact that city in the past had used money from general fund to pay interest obligations and at other times had used moneys from interest fund for other purposes *held*, not to justify an attempt by way of mandamus to unscramble city's funds, where amount in interest fund based on figures of last six fiscal years show present interest fund to be in excess of collections and by requiring use of entire fund in payment of plaintiffs' interest coupons on general obligation full faith and credit bonds city is not permitted to escape its unquestioned obligations by taking advantage of its former irregularities.

5. SAME—MUNICIPAL CORPORATIONS—REPLENISHMENT OF FUND BY TAXATION.

In mandamus proceeding against municipality to enforce payment of admitted obligations secured by an unlimited power of taxation, rule of "first come, first served" applies even though party first proceeding against the municipality is accorded a preference in time of payment, since such fund may be replenished under power of taxation.

6. SAME—INTERVENTION—SUBORDINATION OF CLAIMS.

In mandamus proceeding to compel city to pay interest coupons on general obligation full faith and credit bonds, where fund is sufficient to pay plaintiff's claim in full but insufficient to pay its claim and those of interveners, plaintiff's claim is ordered paid in full and balance prorated as to interveners' claims, notwithstanding order of intervention is silent as to subordination of claims, in view of statute, permitting intervention, which provides that it shall be in subordination and in recognition of the propriety of the main proceeding (3 Comp. Laws 1929, § 14019).

7. SAME—PARTIES—INTERVENTION—STATE.

Statute authorizing attorney general to intervene in any action in which the State is interested *held*, not to give the State any greater or different rights than are possessed by a private party where it intervenes as owner of interest coupons on general obligation full faith and credit bonds of a city in a mandamus proceeding brought to enforce payment of such coupons (Comp. Laws 1929, §§ 187, 14019).

8. COSTS—FAILURE OF EITHER PARTY TO SUSTAIN POSITION ON APPEAL.

No costs are allowed either appellants or cross-appellants in mandamus proceeding where neither party fully sustains its position on appeal.

Appeal from Oakland; Doty (Frank L.), J. Submitted July 21, 1937. (Calendar No. 39,240.) Decided October 4, 1937.

Mandamus by John Wittbold & Company, an Illinois corporation, against City of Ferndale, a municipal corporation, and Hortense Lazenby, Acting Treasurer of the City of Ferndale, to compel payment of interest coupons on general obligation full faith and credit bonds. Municipal Investors Association, a Michigan corporation, and State of Michigan intervened as parties plaintiff. Writ granted. Defendant reviews by appeal in nature of certiorari. Intervening plaintiffs cross-appeal. Modified.

*Arthur E. Moore,* for plaintiff.

*Berry & Stevens* (*Claude H. Stevens,* of counsel), for intervening plaintiff Municipal Investors Association.

*Raymond W. Starr,* Attorney General and *Edmund E. Shepherd* and *Andrew DeMaggio,* Assistants Attorney General, for intervening plaintiff State of Michigan.

*Orph C. Holmes,* for defendants.

NORTH, J.   This is a mandamus proceeding to compel payment of interest coupons on general obligation full faith and credit bonds of the city of Ferndale.   Plaintiff, John Wittbold & Company, an Illinois corporation, and the two other plaintiffs, who intervened, are the holders of such unpaid matured coupons totaling approximately $73,202.50, there being some discrepancy in the figures contained in the record.   At the time of the hearing in the trial court the city had in its general obligation bond interest account $44,093.78; and in its general fund $54,512.13,   total   $98,605.91.   The   circuit   judge granted mandamus.   The city has perfected an appeal in the nature of certiorari.   The intervening plaintiffs have also appealed from that portion of the circuit judge's order by which John Wittbold & Company is given priority in payment over intervening plaintiffs.

In behalf of the city it is urged that mandamus should not be granted because the city, which has a total bonded indebtedness of $2,258,085.75, is undertaking to refund such indebtedness (see Act No. 13, Pub. Acts 1932 [Ex. Sess.]) which includes past due interest on general obligation bonds amounting to $121,953.75, and in order to accomplish such refunding it is necessary that the money on hand which can

be used for that purpose be equitably distributed among all bondholders. In this connection the city urges that issuing the writ of mandamus is a matter within the discretion of the court (*Tennant* v. *Crocker,* 85 Mich. 328), and that courts have declined to issue the writ when so doing would seriously handicap a municipality in the performance of its regular functions. *New York Mortgage Co.* v. *Secretary of State,* 150 Mich. 197; *Cromartie* v. *Commissioners of Bladen,* 85 N. C. 211; *Kinlein* v. *Mayor and City Council of Baltimore,* 118 Md. 576 (85 Atl. 679); *City of Asbury Park* v. *Christmas,* 78 Fed. (2d) 1003, certiorari denied, *United States, ex rel. Christmas,* v. *Asbury Park,* 296 U. S. 624 (56 Sup. Ct. 147).

Review of this record brings the conviction that the principle of law above contended for is not applicable to the facts in this case. Plaintiffs herein seek only the payment of accrued interest and their claims amount to $73,202.50 out of a total indebtedness of this character of $121,953.75. Admittedly the city has on hand in the general obligation bond interest account upwards of $44,000. This amount was levied and collected from the taxpayers to be used in the payment of interest on bonds. It is earmarked or impressed with a trust to be used for that purpose. This is what plaintiffs seek to accomplish by mandamus. The nearer the city's current interest account on these obligations is paid in full, the easier it should be for the city to refund its indebtedness. The shortage in this interest fund needed to pay the claims in suit is comparatively small, and it is highly improbable that requiring the city to pay from present funds, or from funds to be secured by taxation for that purpose, the total amount of these items will unduly embarrass the city in the administration of its affairs in general

and particularly in carrying out its debt refunding program. In view of this situation, the city's contention above noted cannot be sustained.

"The obligation of the city is manifest. The right of the plaintiffs is clear in point of law. We have not the legal right under the conditions as presented to withhold a writ of mandamus." *Simonton* v. *City of Pontiac,* 268 Mich. 11, 25.

It is also the claim of the city on this appeal the trial judge was in error in holding that to the extent the funds in the city's bond interest account are insufficient to pay these plaintiffs in full, the city should pay the same from its general fund, in which there is a balance of $54,512.13. In this connection the city stresses the following provision from its charter:

"Every warrant shall specify the fund from which it is payable and shall be paid from no other fund. No warrant shall be drawn upon the treasury after the fund from which it should be paid has been exhausted and every such warrant shall be void." Ferndale City Charter, chap. 9, § 4.

It is also strenuously urged that the balance in the city's general fund is no more than adequate to meet its needs for general city purposes. Uncontradicted testimony to sustain this contention was offered by defendant.

The city charter provides (chap. 10, § 10) it shall be the duty of the city commission to include in the amount of taxes levied each year an amount sufficient to pay the annual interest on all loans. To the same effect see also 1 Comp. Laws 1929, § 2694, as amended by Act No. 142, Pub. Acts 1931. The record discloses that tax levies of this character

have been made each year and the funds so raised have been carried in a separate interest account. In view of the charter provision above quoted (chap. 9,§ 4) it is obvious that it would be a violation of an express charter provision for an officer of the municipality to draw a warrant upon the treasury payable from the interest fund account in excess of the amount of money on hand in that account. The court cannot and will not issue its writ of mandamus to compel a city officer to act in violation of the city charter.

"Especially is it true that this court will not issue its writ of mandamus to enforce an illegal claim." *Edwards* v. *Auditor General,* 161 Mich. 639.

Further, we think it is a necessary conclusion from the quoted charter provision (chap. 9, § 4) and the other provision to which reference has been made (chap. 10, § 10) that maturing instalments of interest are payable only from the city's interest account and not from its general funds. It follows that to the extent which the trial court ordered payment to plaintiffs in excess of the amount in the city's interest fund, such order should be modified.

The city also, in resisting payment from the interest fund on hand, urges that in former years money has been used from the city's general fund to pay interest obligations, and that therefore the city should now be held to have the right to reimburse its general fund instead of being required to make the interest payments sought by plaintiffs. On the other hand plaintiffs point out that during the last four fiscal years the amount of taxes collected for the interest fund total substantially $47,000 more than the amount of interest paid, plus the $44,093.78 still remaining in the interest fund. From this

plaintiffs conclude that the city has unlawfully diverted over $47,000 from the interest fund, and hence that fund should be reimbursed from the city's general funds to the extent necessary to pay plaintiffs' claims in full. But the city records covering a period of the last six years show that the amount of taxes collected for the payment of interest exceeds the amount actually paid in the sum of $39,596.44. Hence the amount now shown by the city's records to be in its interest fund ($44,093.78) is comparatively little in excess of what should appear as a true balance in view of the amounts actually levied and collected in the last six years by the city for payment of interest. The showing of such excess results in an advantage to plaintiffs; and on the other hand it is not sufficient in amount to affect materially the administration of the city's affairs. The condition noted would not justify an attempt to unscramble the city funds. But aside from this, the city's irregularities in transferring funds from one account to another or using the funds from one account to discharge the obligations against another are matters of the past. The money has been spent and it is now beyond the power of the court to undo these irregular transactions. But the city should not be permitted, by taking advantage of its former irregularities, to escape the payment of its unquestioned obligations for which its records disclose it now has funds on hand.

"Official wrongdoing should not constitute a foundation for the wrongdoer's rights." *Beach* v. *Myll,* 264 Mich. 604.

As hereinbefore noted, the intervening plaintiffs have perfected cross-appeals in which they assert the trial court was in error in providing that the

original plaintiff, John Wittbold & Company, should have priority of payment from the city's funds over claims of the intervening plaintiffs. As bearing upon this question we quote the following from an annotation in 90 A. L. R. 724:

"The idea underlying the distinction (between paying the prior claim in full or *pro rata*) is that, where the fund out of which the obligations of the public body are to be paid is collected under an inexhaustible power of taxation, the payment in full of the claim of one creditor, though it may exhaust the fund, does not effect a preference in favor of such creditor to the prejudice of creditors unpaid, since, under such inexhaustible power of taxation, such a fund may be replenished until there is sufficient to pay all creditors in full; and that, therefore, in such cases, the creditor who first attempts to assert his claim must be paid in full, although such payment leaves for the time being nothing for the other creditors" (citing cases).

There is a dearth of authority applicable to such a factual situation as is present in the instant case, wherein there are intervening plaintiffs. But it may be said that a mandamus proceeding by which one seeks to enforce payment by the municipality of an admitted obligation from appropriate funds on hand is in its purpose and in its accomplishment not unlike an attachment or garnishment proceedings. Upon service of the writ of attachment or garnishment the rule of "first come, first served" applies. This should also be the rule in mandamus proceedings against municipalities as to obligations the payment of which is secured by an unlimited power of taxation. In such cases application of the rule does not work an undue hardship because, the municipality having the unlimited power to raise by taxation

the needed money, the preference afforded the one who first causes the writ to be served does not bar enforcement of payment by others. At most it merely delays satisfaction of their claims.

By having first instituted its suit against the city and the validity of its claim being established, John Wittbold & Company would have a right to payment of its claim from available city funds, before any other like claimant who had started an independent subsequent suit would be entitled to have its claim satisfied in event the city funds were inadequate to cover both claims. These cross-appellants seem to concede that such is the law as established by the weight of authority. See annotation in 90 A. L. R. 721. But they assert that since they were allowed to intervene in the original suit the right of the original plaintiff to priority of payment ceased and in the absence of available funds in the hands of the city to pay all of plaintiffs' claims in full the amount available should be prorated among the respective plaintiffs. Cross-appellants point out that in the court orders by which they were permitted to intervene it was not specified that their claims, if established, should be subordinate to that of the original plaintiff. We think this of no consequence because the statute permitting intervention provides ''the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding.'' 3 Comp. Laws 1929, § 14019. But cross-appellants contend that under this statutory provision the intervention is in subordination only to the propriety of the main proceedings, not that cross-appellants' claims, if established, should be subordinate to that of the original plaintiff. In other words the position of cross-appellants is that by being permitted to intervene in this proceeding

they have deprived the original plaintiff of a right of priority in payment of its claim, which right it would have had if cross-appellants had instituted independent subsequent proceedings instead of having been permitted to intervene. We think the allowance of intervention should not be held to accomplish this result. Instead, in this particular, the rights of the intervening plaintiffs should be held to be the same as though they had instituted subsequent independent suits. It follows that the holding and order of the trial court wherein it is provided that the claim of John Wittbold & Company shall have priority in payment was proper under the circumstances of this case and it is sustained.

We are of the opinion that the statutory right of the attorney general to intervene in any action in which the State is interested (1 Comp. Laws 1929, § 187) does not give the State any greater or different rights than are possessed by a private party who intervenes as a litigant in a case of this character. It may be noted that it is not contended otherwise in the attorney general's brief; but the question is raised in an objection filed in behalf of the State to the order of the trial judge for the issuance of the writ.

From the foregoing it appears that the rights of the respective parties to this suit should be held to be as follows:

(1) Payment of these interest coupons should be ordered to be made only from the city's general obligation bond interest fund, not from its general fund.

(2) The amount of the interest fund being insufficient to pay in full the claims of all plaintiffs, the original plaintiff, John Wittbold & Company, is

entitled to priority in having its claim first paid in full.

(3) The two intervening plaintiffs are entitled to have the balance in the city's general obligation bond interest fund paid to them and applied upon their interest coupons. Since neither of the intervening plaintiffs appealed from the trial court's order that the payment made to them should be *pro rata* in proportion to their respective claims, and neither in its brief has asked for a preference, the balance of such interest fund will be paid *pro rata* to the intervening plaintiffs.

(4) No other permissible relief having been claimed in the brief of either of the intervening plaintiffs, none is granted.

The case is remanded to the circuit court with directions to issue a writ of mandamus in accordance herewith. None of the parties to this appeal has fully sustained its contentions and, therefore, no costs will be awarded on this appeal.

FEAD, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.