*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

OPEN STORES IN HOWELL COMMITTEE,

   Plaintiff-Appellee,

v

CITY OF HOWELL, and DEANNA ROBSON, in her capacity as Clerk for the City of Howell,

   Defendants-Appellants,

and

LIVINGSTON COUNTY ELECTION COMMISSION and ELIZABETH HUNDLEY, in her capacity as Clerk for Livingston County,

   Defendants.

UNPUBLISHED
September 20, 2024
11:54 AM

No. 372499
Livingston Circuit Court
LC No. 24-032457-CZ

Before: GADOLA, C.J., and CAVANAGH and BOONSTRA, JJ.

PER CURIAM.

Defendants City of Howell and Deanna Robson, the Howell City Clerk ("the City Clerk"), appeal by right the September 16, 2024 circuit court order granting the petition for mandamus brought by plaintiff Open Stores in Howell Committee, and directing the City Clerk to certify the ballot wording relating to plaintiff's initiative petition, the Livingston County Clerk ("the County Clerk") to place it on the November 2024 ballot, and the Livingston County Election Commission to assure its placement on the ballot. We granted plaintiff's motion to expedite,[1] and now affirm.

Plaintiff is a ballot question committee promoting a proposed initiative petition for the November 2024 ballot that would amend the City of Howell's Charter in relation to the Michigan Regulation and Taxation of Marihuana Act (MRTMA), MCL 333.27951 *et seq*. It would establish

---

[1] *Open Stores in Howell Committee v City of Howell*, unpublished order of the Court of Appeals entered September 18, 2024 (Docket No. 372499).

-1-

"an application process, selection criteria, licenses, fees, and regulations for two adult use retail cannabis establishments in the City." This appeal arises out of the withdrawal of consent from the City Clerk to certify plaintiff's ballot initiative, after the City Clerk had given her consent for the measure to be placed on the ballot, on the basis of *City of Farmington v Farmington Survey Committee*, __ Mich App __; __ NW3d __ (2024) (Docket No. 372022), lv pending.

## I. BACKGROUND

Plaintiff submitted its petitions on June 13, 2024. The City Clerk verified 405 signatures of registered Howell voters, and determined that the petition had sufficient signatures. The City Clerk notified the governor's office pursuant to MCL 117.22,[2] and received the governor and attorney general's letter of approval on August 14, 2024. The City Clerk gave her consent to the County Clerk to place the measure on the November ballot, and met the statutory deadline of August 15, 2024 for placement on the ballot. The County Clerk notified plaintiff's counsel on August 16, 2024, that the petition would be on the ballot.

On September 3, 2024, this Court issued its decision in *City of Farmington*, which affirmed the denial of mandamus to direct clerks to place on ballots voter-initiated petitions that would amend city charters to regulate local marijuana establishments; the Court ruled that the proposed amendments exceeded the parameters of the MRTMA. Two days later, on the basis of *City of Farmington*, the City Clerk withdrew her consent to the ballot wording for plaintiff's petition, and the County Clerk immediately removed plaintiff's initiative petition from the ballot. The Livingston County Election Commission approved the ballot without plaintiff's petition to amend the city charter. The Howell City Attorney then notified plaintiff's counsel that the proposal would not be on the ballot. Plaintiff immediately filed the instant action, seeking mandamus and other relief.

The circuit court concluded that no statutory authority existed for the City Clerk to withdraw certification of a ballot question, nor did any authority exist for the County Clerk to comply with that withdrawal. The circuit court rejected the City Clerk's reliance on *City of Farmington*, because this Court had not given its opinion immediate effect under MCR 7.215(F)(2) and an application for leave to appeal in *City of Farmington* was pending in the Supreme Court. Further, the circuit court ruled that the City Clerk lacked authority to review the substance of the ballot language and cited caselaw that a substantive challenge to a proposal may be asserted only after a proposal is enacted. The circuit court granted plaintiff's request for relief in part, and ruled that plaintiff was entitled to mandamus.

## II. STANDARDS OF REVIEW

This Court applies the abuse of discretion standard to review a trial court's decision regarding a writ of mandamus. *Citizens for Higgins Lake Legal Levels v Roscommon Co Bd of*

---

[2] That section, which is part of the Home Rule Cities Act (HRCA), MCL 117.1 *et seq.*, requires that proposed charter amendments be submitted to the governor for approval. Even if the governor has objections to the proposal, "[i]f it be an amendment proposed by initiatory petition, it shall be submitted to the electors notwithstanding such objections." MCL 117.22.

*Commissioners*, 341 Mich App 161, 178; 988 NW2d 841 (2022). However, whether a plaintiff has a clear legal right, and a defendant has a clear legal duty to perform, are questions of law subject to de novo review. *Johnson v Bd of State Canvassers*, 341 Mich App 671, 684; 991 NW2d 840 (2022) (citation omitted). Any underlying statutory interpretation issue also carries a de novo standard of review as a question of law. *Barrow v Wayne Co Bd of Canvassers*, 341 Mich App 473, 484; 991 NW2d 610 (2022).

### III. ANALYSIS

As a threshold matter, we note that defendants[3] may raise challenges to the scope of the initiative petition after, and if, the voters adopt it in November 2024. Defendants do not address this in their brief on appeal, instead maintaining that the City Clerk had a continuing duty to consider the ballot initiative. But as stated by this Court, "[a] preelection determination of the validity of a ballot initiative substantially interferes with the legislative function, and our courts have repeatedly held that a substantive challenge to a proposed initiative is improper until after the law is enacted." *Coalition for a Safer Detroit v Detroit City Clerk*, 295 Mich App 362, 371-372; 820 NW2d 208 (2012) (citations omitted). We need not consider whether defendants' challenge is substantive; what is clear is that an after-election challenge is not precluded.

Further, the posture of this case does not support appellate intervention. In the 2022 and 2020 election seasons, this Court rejected appeals from ballot committees where local clerks had not approved petitions for the ballot because the proposed ordinances exceeded the scope of the MRTMA.[4] In this election cycle, this Court has affirmed the decisions of circuit courts that denied relief to local ballot committees seeking petitions to broadly amend city charters beyond the bounds of the MRTMA.[5] In those cases, challenges were brought immediately after the clerks did, or did not, certify the ballot wording, and related to the merits of the petition related to the MRTMA.

If the issue before us was whether plaintiff's initiative petition exceeded the scope of the MRTMA, then the reasoning of those prior appeals might apply here to grant relief to defendants. But defendants here, unlike the cities in *City of Farmington*, did not find the petition inappropriate and reject it. Rather, defendants here approved the petition, and then withdrew that approval. This case therefore presents an issue of law and a factual framework distinct from *City of Farmington*

---

[3] "Defendants" in this opinion refers to appellants the City of Howell and the City Clerk.

[4] For example, see *Say Yes to Sylvan Lake Committee v Dryden*, unpublished order of the Court of Appeals entered August 31, 2022 (Docket No. 362696); *Citizens for a Responsible Keego v Keego Harbor City Clerk,* unpublished order of the Court of Appeals, entered August 15, 2022 (Docket No. 362522); *Jobs for Farmington v Mullison,* unpublished order of the Court of Appeals, entered September 9, 2020 (Docket No. 354743); *Jobs for Oakland v Neeb,* unpublished per curiam opinion of the Court of Appeals, entered September 10, 2020 (Docket No. 354755); and *Jobs for Monroe v Monroe City Clerk,* unpublished order of the Court of Appeals, entered September 11, 2020 (Docket No. 354758).

[5] See, e.g., *City of Farmington*, and *Clio Yes 2024 v Sproul,* unpublished per curiam opinion of the Court of Appeals, issued September 6, 2024 (Docket No. 372312).

and the cases cited above. Here, the dispositive issue is not the scope of the proposed city charter amendment, but instead is whether the City Clerk has the authority to remove an initiative petition from the ballot after initially approving it, and also whether the trial court correctly granted mandamus as a remedy. Defendants have cited no authority, and we have found none, that provides a local clerk with the power to remove an initiative petition after that clerk has duly approved it for the ballot.

A local clerk's authority over the certification of a ballot question is derived under statute. MCL 168.646a governs the certification of ballot wording and provides, in relevant part:

> (2) If a ballot question of a political subdivision of this state including, but not limited to, a county, city, village, township, school district, special use district, or other district is to be voted on at a regular election date or special election, the ballot wording of the ballot question must be certified to the proper local or county clerk not later than 4 p.m. on the twelfth Tuesday before the election. If the wording is certified to a clerk other than the county clerk, the clerk shall certify the ballot wording to the county clerk at least 82 days before the election. Petitions to place a county or local ballot question on the ballot at the election must be filed with the clerk at least 14 days before the date the ballot wording must be certified to the local clerk.

Here, the wording was before the City Clerk; thus, the City Clerk was obliged ("shall") to certify the ballot wording to the County Clerk at least 82 days before the election. Nothing in the above statute provides that a City Clerk has the authority to withdraw an approval once given (or to do so after the statutory certification deadline), and defendants do not cite such authority; indeed, defendants do not cite MCL 168.646a whatsoever. This Court does not search for legal authority in support of a party's arguments. *In re Consumers Energy Co for Gas Cost Recovery*, 345 Mich App 66, 89; 3 NW3d 853 (2022). Instead, defendants referenced cases included in footnote four for the proposition that local clerks do not have a duty to certify ballot language where it exceeds the authority for initiative petitions granted by the MRTMA. But none of those cases involved a clerk withdrawing consent once given.

Defendants additionally cite *3 is Enough v City of Mount Pleasant Clerk*, unpublished per curiam opinion of the Court of Appeals, issued September 13, 2021 (Docket No. 358405), as an example of where this Court ordered a city clerk to rescind her prior certification of an initiatory petition under the MRTMA. In *3 is Enough*, after the city clerk certified the ballot language to the county clerk, the plaintiff immediately sought a writ of mandamus to challenge its inclusion on the ballot. The trial court denied mandamus and this Court reversed, ruling in part that the defendant city clerk had the duty to review the petition for strict compliance with MCL 168.488, and for the requisite number of signatures. *Id.*, unpub op at 7.

Defendants make no distinction between the posture of *3 is Enough* and the posture of this matter. Here, when the City Clerk unilaterally withdrew her consent, no challenge had been brought before a court regarding whether the petition was invalid in the first instance. Rather, the City Clerk herself decided that she was required to rescind her approval. A decision from this Court in the context of a claim of appeal by right, as in *3 is Enough*, simply cannot be compared to the attempted rescission by the City Clerk in the present action.

-4-

Defendants next argue that the City Clerk properly withdrew her prior approval and a contrary ruling would mean that a public official may not revisit a prior decision and correct any error. In fact, the contrary result actually is the correct one. To accept defendants' position would nullify the statutory deadline by which a local clerk must certify language to the county clerk. Further, it would subject ballot language to the whim of any clerk who had a change of mind after certification.

Defendants also contend that a writ of mandamus cannot be used to compel a public official to perform an illegal act. They cite *John Wittbold & Co v City of Ferndale*, 281 Mich 503; 275 NW 225 (1937), where the trial court ordered payment to the plaintiffs in excess of the amount in the city's interest fund; *Edwards v Auditor General*, 161 Mich 639; 126 NW 853 (1910), where the county refused to pay a bill for an inquest with three allegedly illegal charges; and *Bd of Supervisors of Cheboygan Co v Supervisors of Twp of Mentor*, 94 Mich 386, 388; 54 NW 169 (1892), holding that a writ of mandamus "cannot be invoked to accomplish a confessedly illegal purpose, even though the officer against whom it is invoked is charged with an express duty under the statute." These cases are irrelevant in this context. An order of mandamus to approve an initiative petition that exceeds the MRTMA would not comprise an "illegal" act because a local clerk is authorized to approve ballot language to the county clerk. Additionally, when the City Clerk certified the ballot language to the County Clerk in August, *City of Farmington* had not been issued. The trial court's September mandamus directive merely returns the parties to the status quo at the time of the August certification and does not require the City Clerk to perform an "illegal" act.

Defendants spend much time examining the interplay between the Home Rule Cities Act (HRCA), MCL 117.1 *et seq.*, and the MRTMA to conclude that a city charter is not the place for a system of marijuana regulation. They add that the City Clerk was obliged to deny the petition proposed by plaintiff. These arguments relate to the merits of plaintiff's petition itself, an issue that is not before us.

Defendants also argue that the trial court disregarded the precedence of *City of Farmington* by mistakenly relying on MCR 7.215(F). This point merits little discussion. Notwithstanding that *City of Farmington* failed to give its opinion immediate effect, the trial court need not have reached the issue of the merits of plaintiff's petition in light of the dispositive legal issue before the court: whether the City Clerk had the legal authority to withdraw her approval once given.

Defendants nevertheless heavily rely on *City of Farmington,* where this Court ruled that the MRTMA's narrow scope permitted a petition for an ordinance only to prohibit marijuana establishments within a locality, or to set the number of such establishments. The Court concluded that any petition that surpassed that narrow authority should not be placed on the ballot. *City of Farmington Hills* at __; slip op at 9.

Defendants maintain that the trial court erred in determining that it was not bound by *City of Farmington*. But the trial court did not err, as *City of Farmington* offers no precedential value to the trial court, or this Court, on the pertinent legal question of whether the City Clerk had authority to withdraw her approval once given. Therefore, *City of Farmington* does not settle this matter. Nevertheless, should the Howell electorate vote to pass plaintiff's initiative petition, defendants will be free to challenge its implementation under the *City of Farmington* precedent.

-5-

Finally, defendants argue that the City Clerk has a duty to review initiative petition language to ensure that it meets the requirements under law. While we agree with that general precept, acceptance of defendants' interpretation of the duty would impermissibly extend it beyond the parameters of the statute. The trial court's decision here does not disturb the local clerk's duty, which ends once the local clerk either approves the ballot language to the county clerk or rejects the petition. The crux of defendants' argument is that the City Clerk has a continuing duty to approve or reject a petition even beyond the deadline for certification to the County Clerk. Again, defendants have provided no authority for that position. In contrast, the importance of adhering to election deadlines cannot be minimized. This Court, for example, is tasked with giving election cases priority on our calendar. MCR 7.213(C)(4). Also, an extension of a local clerk's duty would have the potential to wreak havoc on a county's obligation to meet the printing and mailing deadlines.

Having established that *City of Farmington* does not control here and the lack of authority for a unilateral rescission by a local clerk, we now turn to the mandamus relief granted by the trial court. Mandamus is the proper remedy for a party seeking to compel election officials to carry out their duties. See, e.g., *Wolverine Golf Club v Sec'y of State*, 24 Mich App 711, 716; 180 NW2d 820 (1970), aff'd 384 Mich 461 (1971). Mandamus is an extraordinary remedy, see *Beydoun v Bd of State Canvassers*, __ Mich App __, __; __ NW3d __ (2024) (Docket No. 371167); slip op at 1, and whether a writ issues is within the discretion of the court. *Moore v Genesee Co*, 337 Mich App 723, 731; 976 NW2d 921 (2021). Specifically, to obtain relief the plaintiff has the burden to show:

> (1) a clear legal right to the act sought to be compelled; (2) a clear legal duty by the defendant to perform the act; (3) that the act is ministerial, leaving nothing to the judgment or discretion of the defendant; and (4) that no other adequate remedy exists. [*Macomb Co. Prosecutor v Macomb Co Exec,* __Mich App __, __; __ NW3d __ (2024) (Docket No. 370065); slip op at 13, lv pending (citation omitted).]

"A clear legal right is a right clearly founded in, or granted by, law; a right which is inferable as a matter of law from uncontroverted facts regardless of the difficulty of the legal question to be decided." *Comm for Marshall-Not the Megasite v Marshall*, __ Mich App __, __; __ NW3d __ (2024) (Docket No. 369603), lv pending; slip op at 10 (quotation marks and citation omitted). "A ministerial act is one in which the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Id.* (quotation marks and citation omitted).

The parties do not dispute that, as of the time the City Clerk certified the ballot wording, plaintiff had the right to approval by the City Clerk of its initiative petition. Also, the City Clerk had the mandatory duty under statute to do so. See *Warren City Council v Buffa*, 333 Mich App 422, 434; 960 NW2d 166 (2020). Review is ministerial, as reflected in the plain statutory language of MCL 168.646a(2), which is mandatory and leaves no room for discretion. See *id.* at 435. Plaintiff has no other remedy that could grant it meaningful relief. Consequently, the trial court neither erred nor abused its discretion by granting the writ of mandamus.

-6-

Affirmed. No costs may be taxed under MCR 7.219, a public question being involved. This opinion shall have immediate effect under MCR 7.215(F)(2).

/s/ Michael F. Gadola
/s/ Mark J. Cavanagh
/s/ Mark T. Boonstra